**SO ORDERED.**

**SIGNED this 29 day of May, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| PARTITIONS PLUS OF WILMINGTON, INC., D/B/A PARTITIONS, INC., D/B/A STORM PROTECTION SYSTEMS, | Case No. 04-06776-8-JRL<br>Chapter 7 |
| **Debtor.** | |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR PARTITIONS PLUS OF WILMINGTON, INC., D/B/A PARTITIONS, INC., D/B/A STORM PROTECTION SYSTEMS, | |
| **Plaintiff,** | |
| v. | Adversary Proceeding No.<br>06-00172-8-AP |
| JOSE E. JAUREQUI RUBIO, D/B/A 3JE QUALITY FAST DRYWALL, | |
| **Defendant.** | |

_____

**ORDER**

This case is before the court on a motion for summary judgment and a motion to strike filed by the trustee. On May 15, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

**JURISDICTION AND PROCEDURE**

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

**FACTS AND BACKGROUND**

Partitions Plus of Wilmington, Inc. filed a chapter 11 bankruptcy petition on September 1, 2004. Thereafter, on November 9, 2004, the case was converted to one under chapter 7 and James B. Angell was appointed trustee. Prior to the debtor's bankruptcy filing, Mr. Rubio was a subcontractor of the debtor.

On July 21, 2006, the plaintiff filed this adversary proceeding. The complaint alleged that the debtor made payments to the defendant within the ninety days prior the debtor's bankruptcy filing. The plaintiff contends that those payments were preferential transfers and are avoidable pursuant to 11 U.S.C. § 547(b) and recoverable under 11 U.S.C. § 550(a) in the amount of $79,096.70. The plaintiff also asserts that the defendant received transfers totaling $2120 from the debtor post petition and that amount is avoidable pursuant to 11 U.S.C. § 549.

On November 8, 2006, the plaintiff served discovery on the defendant. The discovery consisted of interrogatories, a request for admissions, and a request for production of documents. To date, the defendant has failed to answer any of the discovery requests, including the request for admissions. The plaintiff maintains that under Federal Rule of Civil Procedure 36, made applicable in bankruptcy by Bankruptcy Rule 7036, the defendant's failure to answer and deny

the requests for admissions deems the matters contained in the requests admitted. Based on the deemed admissions, the plaintiff contends he has established all the necessary elements to prove the defendant received preferential transfers under § 547(b).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

Pursuant to 11 U.S.C. § 547(b) the trustee may recover certain preferential transfers made by the debtor in favor of specific creditors. In order for the trustee to avoid the transfers made by the debtor to the defendant, he must show that the transfers (1) were to or for the benefit of the defendant; (2) were for or on account of antecedent debts; (3) were made while the debtor was insolvent; (4) were made on or within ninety days before the debtor filed bankruptcy; and (5) enabled the defendant to receive more than he would have received if the transfers had not been

made. 11 U.S.C. § 547(b). The Code places the burden on the trustee to prove the avoidability of the transfers. 11 U.S.C. § 547(g).[1] The burden of proving the nonavoidability of the transfers is placed on the creditor against whom avoidance is sought. Id.

In this case, the plaintiff served discovery on the defendant in November 2006, and the defendant never objected to or officially answered any of the discovery requests. The defendant did attach several documents to his response to the plaintiff's motion for summary judgment, and those documents may support new value or ordinary course of business defenses. Based on the evidence, the court finds that there is no genuine issue as to the following facts. The defendant received at least ten payments from the debtor within ninety days of the petition date, and those transfers total $79,096.70. At the time of each transfer, the defendant was a creditor of the debtor and the transfers were made to or for the benefit of the defendant. The debtor was insolvent at the time of each transfer, and the defendant received more than he would have received had the transfers not taken place. The above facts establish a prima facie case of a preferential transfer under § 547(b).

The documents provided by the defendant in response to this motion for summary judgment may support an ordinary course of business defense or a new value defense under § 547(c). However, in order for the court to consider the documents provided in response to this motion, the defendant must comply with the plaintiff's discovery requests. The defendant has twenty days from the date of this order to answer the plaintiff's discovery requests, including the request for admissions.

---

[1] As to the third element, there is a presumption that the debtor was insolvent during the ninety days prior to the petition date. 11 U.S.C. § 547(f).

Based on the forgoing, the plaintiff's motion for summary judgment is ALLOWED in part and DENIED in part, and the plaintiff's motion to strike is DENIED. The plaintiff has met his burden of establishing a prima facie case that the defendant received a preference under § 547(b). If the defendant responds to the plaintiff's discovery requests within twenty days, the court will find there is a material issue of fact as to the defenses of new value and ordinary course of business. If the defendant fails to answer the discovery requests, the court will deem the request for admissions admitted and exclude any additional evidence as to the affirmative defenses. Furthermore, the court leaves open the issue of whether the post petition transfers were authorized.

**"END OF DOCUMENT"**