**SO ORDERED.**

**SIGNED this 16 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

PARTITIONS PLUS OF WILMINGTON, Inc., dba,
PARTITIONS, Inc., dba
STORM PROTECTION SYSTEMS,
        Debtor.                                 Case No. 06-06776-8-JRL


JAMES B. ANGELL,
Trustee,                                       Adversary Proceeding No.:
        Plaintiff,                               06-00172-8-AP

v.

JOSE E. JAUREQUI RUBIO dba,
3JE QUALITY FAST DRYWALL,
        Defendant.
_____

**ORDER**

     This case is before the court on the complaint of James B. Angell, Chapter 7 Trustee for Partitions Plus of Wilmington, Inc. dba Partitions, Inc. dba Storm Protection Systems (Partitions Plus), against Jose E. Jaurequi Rubio dba 3JE Quality Fast Drywall to avoid certain preferential transfers and to recover such transfers for the benefit of the estate.  On January 15, 2008, a trial of adversary proceeding was held in this matter in Raleigh, North Carolina.

**FACTS AND BACKGROUND**

On September 1, 2004, Partitions Plus filed a Chapter 11 bankruptcy petition. The case was converted to Chapter 7 on November 9, 2004. In his complaint, the trustee alleges that the debtor made transfers to the defendant in the amount of $79,096.70 during the ninety day period prior to the petition date. The complaint further alleges that the defendant received $2,120.00 from the debtor post-petition, a portion of which is believed to be payment for prepetition debt, despite the defendant's knowledge of the debtor's bankruptcy case, which the trustee may avoid under 11 U.S.C. § 549.

On November 8, 2006, the plaintiff served interrogatories, a request for admissions, and a request for production of documents on the defendant. The defendant failed to timely respond to the discovery requests. On March 16, 2007, the plaintiff moved for summary judgment on the § 547(b) claim on the grounds that the defendant's failure to answer the requests for admissions deemed the matters contained in the requests admitted pursuant to Federal Rule of Civil Procedure 36.[1] In the summary judgment motion, the plaintiff contended that, based on the deemed admissions, he had established all of the necessary elements to prove the defendant received preferential transfers under 11 U.S.C. § 547(b). On May 15, 2007, the court conducted a hearing on the summary judgment motion and found that the plaintiff met his burden of establishing a prima facie case that the defendant received a preference under 11 U.S.C. § 547(b). Specifically, the court found that no genuine issue exists as to the following facts:

> (1) The defendant received at least ten payments from the debtor within ninety days of the petition date totaling $79,096.70;

---

[1]Federal Rule 36 is made applicable in bankruptcy by Bankruptcy Rule 7036.

(2)  At the time of each transfer, the defendant was a creditor of the debtor;

(3) The transfers were made to or for the benefit of the defendant;

(3) The debtor was insolvent at the time of each transfer, and

(4) The defendant received more than he would have received had the transfers not taken place.

Because the court determined that the plaintiff has met the burden of proving all of the elements of a § 547(b) preference, the only issues to be determined at trial are (1) whether the defendant has met his burden of proving the nonavoidability of the transfers by establishing an affirmative defense under § 547(c), and (2) whether the plaintiff is entitled to a judgment against the defendant in the amount of $2,120.00 pursuant to § 549.

## ANALYSIS

*A. Affirmative Defenses Under 11 U.S.C. § 547(c)*

Section 547(b) of the Bankruptcy Code provides that the trustee may recover certain preferential transfers made by the debtor in favor of specific creditors.  To avoid the transfers, the trustee must show that the transfers (1) were to or for the benefit of the defendant; (2) were for or on account of antecedent debt; (3) were made while the debtor was insolvent;[2] (4) were made on or within ninety days before the debtor filed bankruptcy; and (5) enable the defendant to receive more than he would have received if the transfers had not been made.  11 U.S.C. § 547(b).  The trustee has the initial burden of proving each element of § 547(b).  Once the trustee has met that burden, the burden of proving the nonavoidability of the transfers is placed on the

---

[2] The debtor is presumed insolvent during the ninety days prior to the filing of the petition.  11 U.S.C. § 547(f).

creditor against whom the avoidance is sought by establishing one of the affirmative defenses listed in § 547(c). In his answer to the trustee's complaint, the debtor asserted the following affirmative defenses to the trustee's claim under § 547(b):

> (1) that the transfers were in payment of debts incurred by the plaintiff in the ordinary course of business or financial affairs of the plaintiff and defendant and made according to ordinary business terms and are therefore not avoidable under § 547(c)(2);
>
> (2) that the transfers were contemporaneous and in exchange for new value, in that upon receipt of each of the transfers, defendant extended new credit to plaintiff in excess of the amounts paid by plaintiff, which qualifies for new value under § 574(c)(4) and case law, and are therefore not avoidable; and
>
> (3) to the extent that the transfers were made for labor and tools provided to the debtor for use on improvements to the projects, the forbearance from the defendant's right to Mechanic's Lien Rights against the debtor and against the project in exchange for the alleged transfer constituted contemporaneous new value given to the debtor and are thus not avoidable under § 547(c)(1).

The burden is on the defendant to prove the nonavoidability of the transfer. Here, the debtor did not attend the trial and has presented no evidence to support the nonavoidability of the transfers under § 547(c). Therefore, the court finds that the defendant has failed to meet his burden of proof and finds for the plaintiff on the § 547(b) claim.

B. *Postpetition Transactions Avoidable Under 11 U.S.C. § 549*

The final issue to be determined is whether the trustee is entitled to a judgment against

the defendant in the amount of $2,120.00 pursuant to 11 U.S.C. § 549. Section 549 of the Bankruptcy Code provides that the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case that is not authorized under the Bankruptcy Code or by the court. 11 U.S.C. § 549. Pursuant to Bankruptcy Rule 6001, any entity asserting the validity of a transfer under § 549 has the burden of proof.

In his answers to the trustee's complaint, the defendant asserted that the plaintiff was authorized, pursuant to Court Orders and the Bankruptcy Code, to enter into agreements with the defendant to provide labor. However, the defendant has provided no evidence which would support a finding that the postpetition transfer of $2,120.00 was authorized by the court. Therefore, the defendant has failed to meet his burden of proof regarding the validity of the transfer as required by Bankruptcy Rule 6001. The court therefore enters a judgment in favor of the plaintiff on the § 549 claim in the amount of $2,120.00.

## **CONCLUSION**

For the foregoing reasons, the court hereby enters judgment against the defendant in the amount of $79,096.70 on account of the avoidance of preferential transfers pursuant to 11 U.S.C. § 547. The court also enters judgment against the defendant in the amount of $2,120.00 on account of the avoidance of postpetition transfers pursuant to 11 U.S.C. § 549. The total judgment to be entered is the amount of $81,216.70.

**"END OF DOCUMENT"**